UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL GEORGE YOUNG, JR. ,

       Plaintiff,

v.                        Case No:  2:16-cv-44-FtM-38MRM

MIKE SCOTT, THOMAS
EBERHART, JAMES BARACCO,
KEVIN KOLLER and MIA
RODGERS,

       Defendants.
_____/

## OPINION AND ORDER[1]

    This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. 66) filed on October 17, 2017.  Plaintiff requests the Court to reconsider its August 25, 2017, Opinion and Order granting defendants summary judgment.  Plaintiff states that the Court "erred" in ruling in favor of defendants and claims that defendants "erroneously misled" the Court that Plaintiff was seeking "only a Skype visitation."  Doc. 66 at 1. Defendants filed a Memorandum of Law in opposition to Plaintiff's motion (Doc. 67). Defendants argue that the motion is untimely and otherwise without merit.  Doc. 67 at 2-3.  For the reasons set forth below, the Court denies Plaintiff's motion.

_____

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## Applicable Law

Plaintiff does not specify upon which Rule he relies in bringing his motion. The motion was filed beyond the twenty-eight (28) days period for seeking relief under Rule 59. Fed. R. Civ. P 59(e). Consequently, the Court construes Plaintiff's motion as seeking relief under Federal Rule of Civil Procedure 60(b) which states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2017). The purpose of Rule 60(b) is to define the specific circumstances under which a party may obtain relief from a final judgment or order. Motions under this rule are directed to the sound discretion of the court. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006); *Mahone v. Ray*, 326 F.3d 1176, 1178, n.1 (11th Cir. 2003); *Weiss v. Warden*, 703 F. App'x 789, 791 (11th Cir. July 24, 2017). Rule 60(b) (6), known as the catch-all provision, requires a party to "demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. DelMonte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). To be entitled to relief under this provision, Plaintiff must show that "absent such relief, an extreme and unexpected hardship will result." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020, (11th Cir. 2001) (internal quotations and citations omitted).

Discussion

Plaintiff contends that the Defendants made misleading and erroneous statements throughout their motion for summary judgment. Doc. 66 at 7. Plaintiff points to various exhibits attached to his motion in support of his contention. Liberally construed, the Court considers Plaintiff's motion as falling within Rule 60(b) (2) (existence of newly discovered evidence) and Rule 60(b) (3) (fraud, misrepresentation, or misconduct by an opposing party).

To succeed under Rule 60(b) (2), a party must prove five elements: (1) the evidence must be newly discovered since the pertinent ruling; (2) the party must have exercised due diligence in discovering the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be of such a nature that the ruling would probably be different. *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). A Rule (b) (2) motion is "an extraordinary motion and the requirements of the rule must be strictly met." *Id.* (citations omitted). Evidence in a party's possession prior to entry of judgment cannot be "newly discovered." *Taylor v. Texgas,* 831 F.2d 255, 259 (11th Cir.1987); *Gundotra v. IRS,* 160 F. App'x 834, 836 (11th Cir. 2005).

Upon review, the Court finds that of the 15 exhibits attached to Plaintiff's motion, only three of the exhibits were not previously filed with the Court: Exhibit C (Corrections Bureau Policy and Procedures); Exhibit D (LCSOCB, Inmate Visitation List); and Exhibit K (Interrogatories of Kevin Koller). Plaintiff has not met his burden of showing why these documents could not have been discovered or introduced to the Court before the Court ruled on Defendants' amended motion for summary judgment or within the time for filing

3

a Rule 59 motion. Furthermore, Plaintiff has not established that even if the Court considered these documents it would have reached a different outcome. Thus, the Court finds that Plaintiff has not met his burden of showing newly discovered evidence to warrant the Court granting him relief under Rule 60(b) (2).

To prevail under Rule 60(b) (3), a party must prove the fraud, misrepresentation or other misconduct by clear and convincing evidence. *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1301, 1314 (11th Cir. 2007). Additionally, the party must demonstrate that the misconduct prevented the losing party from fairly presenting his case. *Id.* "When a party knows of evidence but chooses not to present it or seek additional discovery for further investigation, that party is not entitled to Rule 60(b) relief following summary judgment." *Solomon v. DeKalb County*, Ga., 154 F. App'x 92, *2 (11th Cir. 2005).

Here, Plaintiff alleges that Defendants made various erroneous statements and misrepresentations in their amended motion for summary judgment. At the outset, the Court disagrees that the Defendants claimed Plaintiff was requesting "only a Skype visitation." Indeed, Defendants' amended motion acknowledge that Plaintiff was requesting a "Skype-style visitation." *See* Doc. 58 at 1 ¶2, 2 ¶3, and 3-5. Even assuming *arguendo* that Plaintiff can prove such misrepresentations, Plaintiff has provided no reason why he failed to provide such evidence or argument in rebuttal to the Court previously. Significantly, despite being allotted additional time, Plalintiff filed no amended response to Defendants' amended motion for summary judgment. *See* Doc. 61. But due to Plaintiff's *pro se* status, the Court considered Plaintiff's previous response as opposing Defendants' dispositive motion. *See* Doc. 64 at 4. Therefore, the Court finds Plaintiff has not sustained his burden to be granted relief under Rule 60 (b) (3).

Accordingly, it is now **ORDERED:**

Plaintiff's Motion for Reconsideration (Doc. 66) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of April, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record